IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUSLAN BOGATYREV,

    Petitioner,

v.                                            No. 2:26-cv-00628-DHU-KK

DORA CASTRO, Warden of Otero Processing Center; MARY DE ANDA-YBARRA, El Paso Field Office Director of ICE; TODD LYONS, Acting Director of ICE; KRISTI NOEM, DHS Secretary; and PAMELA BONDI, U.S. Attorney General.

    Respondents.

## ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court on Petitioner's Motion for a Temporary Restraining Order ("TRO"). Doc. 2. Having reviewed Petitioner's Motion and the relevant law, the Court **DENIES** Petitioner's Motion.

To obtain a temporary restraining order, a petitioner "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest weigh in his favor. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Moreover, to obtain a temporary restraining order in the Tenth Circuit, a petitioner must satisfy their burden as to each of the factors; the factors "do not establish a balancing test—each must be satisfied independently, and the strength of one cannot compensate for the weakness of another." *Peterson v. Kunkel*, 492 F. Supp. 3d 1183, 1192 (D.N.M. 2020) (citing *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281, 1282 (10th Cir. 2016)). The likelihood-of-success and irreparable-harm factors are "the most critical" in the

analysis. *People's Trust Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

Here, the Court finds that it cannot even turn to the first factor—substantial likelihood of success on the merits—due to insufficient information in both the Habeas Petition and Motion for TRO. The Court further finds that a response from Respondents is necessary to resolve factual ambiguities, including ambiguities regarding Petitioner's parole status, which bear on his entitlement to relief.

Given that the Court cannot properly assess the first critical showing to obtain a TRO, the Court **DENIES** Petitioner's Motion. The Court will, however, issue a separate Order to Show Cause forthwith.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE